**FILED**

**March 28, 2017**

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 2:38 PM



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| **Micheal Rogers,** | ) **Docket No. 2016-06-1513** |
| Employee, | ) |
| v. | ) **State File No. 68057-2015** |
| **Charles C. Parks Company, Inc.,** | ) |
| Employer, | ) **Judge Kenneth M. Switzer** |
| And | ) |
| **Accident Fund General Ins. Co.,** | ) |
| Carrier. | ) |
| | ) |

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

This case came before the undersigned Workers' Compensation Judge on March 24, 2017, on Mr. Rogers' Request for Expedited Hearing. The present focus of this case is whether Mr. Rogers engaged in willful misconduct. For the reasons set forth below, the Court holds that Charles C. Parks Company, Inc. failed to prove its willful misconduct affirmative defense, and Mr. Rogers is entitled to medical care with the physicians he chose from panels Parks previously offered. However, Mr. Rogers is not entitled to reimbursement for past medical expenses at this time.

### History of Claim

Mr. Rogers worked at Parks, a grocery distributor, as a "lead man." He explained that his job duties generally entailed reading orders and then obtaining product within the warehouse to fulfill the orders. He operated a "cherry-picker" to reach product stored on racks, standing on the cherry-picker platform, which was then raised or lowered.

Mr. Rogers alleged that on August 26, 2015, he became injured at work. Specifically, he testified that he was "pulling orders" and simultaneously training a new hire. He stated, "I was constantly running," and he "was forced to do a two-man job" on the date of injury. While he stood atop the cherry-picker platform raised off the floor approximately ten to twelve feet, the machine "jumped," started shaking, and, "The machine knocked me off balance." Mr. Rogers feared he would fall off the platform and

1

possibly land on his head; therefore, he jumped so that he could land on his feet instead. Mr. Rogers acknowledged that he was not wearing a safety harness at the time of the accident, and that, were he wearing it, he would not have sustained injury. He explained, however, that he had no time to wear the harness because, "I was just trying to get the job done."

The incident injured Mr. Rogers' left heel and lower back. He sought emergency treatment for these injuries at Sumner Regional Medical Center. Mr. Rogers testified that he incurred and paid expenses for treatment and at this time he only seeks an order that Parks reimburse him for these expenses.[1] He moved into evidence several documents to substantiate his claim regarding the past expenses. However, the Court admitted them for identification only, reasoning that the purported bills did not offer sufficient information regarding the services rendered and whether they stem from the work injury, nor did they adequately indicate whether Mr. Rogers actually paid the sums listed as owing.

Parks initially offered panels of specialists, and Mr. Rogers chose Dr. James Fish and Dr. Roger Passmore. Parks then denied the claim on September 4, before Mr. Rogers had an opportunity to see the physicians.

Parks does not contest that the accident occurred as Mr. Rogers described or that it caused his injuries, but rather argues that he engaged in willful misconduct and/or failed to use a safety device. Mr. Rogers testified that Parks never conducted safety meetings. According to him, supervisors had approached him on past occasions telling him he "needed to wear a belt," and that twice a supervisor told him he would be suspended for three days if he failed to put on his harness. He stated the supervisors gave similar warnings to co-workers. He maintained, nonetheless, that he and others, including supervisors, did not wear a harness at all times. He additionally stated that there were times when the harnesses were gone altogether and no one wore them while working.

Mr. Rogers stated he suffered a previous on-the-job injury in August 2013. Upon his return from three days' absence after the previous injury, he signed a form that Parks characterized as discipline for a rules infraction. The form, entitled, "Safety Procedures/Guidelines," states, "I have received and read the safety/procedure guideline. I understand if I do not comply with the company rules and regulations the following displanary [sic] action will be inforced. 1. First offense – verbal/written warning (Sent home-no pay) 2. Termination." (Ex. 12.) Mr. Rogers testified he signed the document simply to enable his return to work. He stated he did not understand he was being written-up.

---

[1] Mr. Rogers' entitlement to temporary disability benefits is checked as an issue on the Dispute Certification Notice, but he made no arguments to advance that aspect of his claim at the Expedited Hearing. The Court considers them waived for now.

## Findings of Fact and Conclusions of Law

In order to grant or deny the relief Mr. Rogers seeks, the Court must apply the following general principles. As in all workers' compensation actions, Mr. Rogers, as the claimant, has the burden of proof on the essential elements of his claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). However, since this is an expedited hearing, he only has to come forward with sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits in order to meet his burden. *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

The central legal issue in this case revolves around Mr. Rogers' alleged willful misconduct. Tennessee Code Annotated section 50-6-110(a) (2016) provides in subsections (1) and (4) that no compensation shall be allowed for an injury or death due to the employee's "willful misconduct" or "willful failure or refusal to use a safety device." *Gonzales v. ABC Prof'l Tree Servs.,* 2014 TN Wrk. Comp. App. Bd. LEXIS 2, at *18 (Nov. 10, 2014). If an employer defends on the grounds that the injury arose from willful misconduct or from the willful failure or refusal to use a safety device, the burden of proof is on the employer to establish the defense. *Id.* at *19; Tenn. Code Ann. § 50-6-110(b) (2016). To meet its statutory burden of proof, an employer must prove the following four elements: "(1) the employee's actual, as opposed to constructive, notice of the rule; (2) the employee's understanding of the danger involved in violating the rule; (3) the employer's bona fide enforcement of the rule; and (4) the employee's lack of a valid excuse for violating the rule." *Id.* at *21.

Applying these legal principles to the facts of this case, Mr. Rogers testified that Parks has a rule mandating that employees wear a safety harness when using the cherry-picker, so that the Court finds he had actual notice of the rule. Mr. Rogers additionally testified that if he had worn the harness on the date of injury, he would not have become injured. Thus, he understood the danger involved in violating the rule. It is the third element, the employer's bona fide enforcement of the rule, where Parks' defense fails. Mr. Rogers testified without contradiction that he and others, including supervisors, sometimes failed to wear the harness without repercussions. As to the August 2013 form that Parks asserted documents its previous disciplinary action against Mr. Rogers, it does not convey any particulars regarding a rules violation on Mr. Rogers' part, but rather explains consequences for a violation going forward. In sum, Parks has not satisfied its burden, and its affirmative defense fails at this time.

Therefore, as a matter of law, Mr. Rogers has come forward with sufficient evidence from which this Court concludes that he is likely to prevail at a hearing on the merits regarding the compensability of his claim. His request for medical benefits is granted, and Parks must authorize office visits with Drs. Fish and Passmore to evaluate and potentially treat his low-back and foot injuries. As for his request regarding past

medical treatment, because Mr. Rogers failed to provide sufficient foundation to admit his expenses into evidence, the Court cannot order at this time that Parks reimburse him. This order does not prevent Mr. Rogers from obtaining additional documentation regarding past out-of-pocket medical expenses and seeking an order for reimbursement at a later date.

**IT IS, THEREFORE, ORDERED** as follows:

1. Parks or its workers' compensation carrier shall provide Mr. Rogers with medical treatment to be initiated by Parks or its workers' compensation carrier authorizing office visits with Drs. Fish and Passmore to evaluate and potentially treat his low-back and foot injuries. Mr. Rogers or the medical providers shall furnish medical bills to Parks or its workers' compensation carrier for prompt payment.

2. This matter is set for a Scheduling Hearing on **May 22, 2017, at 8:45 a.m.** Central. You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Hearing. Failure to call may result in a determination of the issues without your further participation.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2016). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

ENTERED this the 28th day of March, 2017.

Judge Kenneth M. Switzer
Court of Workers' Compensation Claims

4

# APPENDIX

Exhibits:

1. Affidavit
2. Medical records, Sumner Regional Medical Center
3. Wage statement
4. Choice of Physician Form-Orthopedists (back)
5. Choice of Physician Form-Foot injury
6. Recorded statement
7. Notice of denial
8. Separation Notice
9. FCE
10. Retalix Power Warehouse Select Directed Move (orders filled)
11. Medical bills; For identification only
12. August 12, 2013 Charles C. Parks Company Safety Procedures/Guidelines
13. Photo of cherry picker with harness circled
14. Photo of cherry picker with harness and pallet circled

Technical record:
1. Petition for Benefit Determination
2. Employer position statement
3. Dispute Certification Notice
4. Request for Expedited Hearing
5. Employer's Pre-Trial Brief
6. Employer's Motion to Allow Introduction of Documents

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 28th day of March, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Michael Rogers, self-represented | X | | | 114 Wright Lane, Hartsville TN 37074 |
| Gordon Aulgur, Employer's attorney | | | X | gordona@accidentfund.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

6